1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DONALD SHOOP,                          )        3:12-cv-00101-RCJ (WGC)
                                       )
        Plaintiff,                     )        **REPORT & RECOMMENDATION**
                                       )        **OF U.S. MAGISTRATE JUDGE**
            vs.                        )
                                       )
NV ENERGY, et. al.                     )
                                       )
        Defendant.                     )
_____ )

        This Report and Recommendation is made to the Honorable Robert C.  Jones, Chief

United States District Judge. Before the court is Plaintiff's pro se Complaint (Doc. # 1-1)[1], and

his application for leave to proceed in forma pauperis (Doc. # 1), both filed on February 21,

2012.

        **I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

        A person may be granted permission to proceed in forma pauperis if the person

"submits an affidavit that includes a statement of all assets such [person] possesses [and] that

the person is unable to pay such fees or give security therefor. Such affidavit shall state the

nature of the action, defense or appeal and affiant's belief that the person is entitled to

redress." 28 U.S.C. § 1915(a)(1).  "'[T]he supporting affidavits [must] state the facts as to the

affiant's poverty with some particularity, definiteness, and certainty.'" *United States v.*

*McQuade*, 647 F.2d 938, 940 (9th Cir.  1981) (per curiam) (citing *Jefferson v.  United States*,

_____

        [1] Refers to court's docket number.

277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

In his application, Plaintiff indicates that his monthly income is approximately $800. (Doc. # 1 at 1.) His monthly expenses total #750. (*Id.* at 2.)

Based on the information contained in Plaintiff's application, the court cannot precisely determine Plaintiff's ability to pay, but the court finds it is unlikely Plaintiff would be able to pay the $350 filing fee given that his monthly expenses nearly equal his monthly income. Therefore, Plaintiff's application to proceed in forma pauperis (Doc. # 1) should be granted.

## II. SCREENING

**A. Standard**

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

2

1   speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

2   must contain something more . . . than . . . a statement of facts that merely creates a suspicion

3   [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice

4   and Procedure § 1216, at 235-36 (3d ed. 2004)). In reviewing a complaint under this standard,

5   the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v.*

6   *Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most

7   favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395

8   U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than

9   formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*,

10  449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also*

11  *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*,

12  901 F.2d 696, 699 (9th Cir. 1990).

13  **B. Plaintiff's Complaint and Analysis**

14          Plaintiff's Complaint contains one count for invasion of privacy and includes only the

15  following allegation: "Imaging (U.S. Senate) and Stalking-Harassment (U.S. Congress) would

16  be addressed." This single sentence does not state any claim against any defendant.

17          Leave to amend is not appropriate because it is clear that Plaintiff's Complaint is

18  frivolous and that deficiencies could not be cured by amendment. *See Cato v. United States*,

19  70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted). Accordingly, the court recommends that

20  the Complaint be dismissed with prejudice.

21                                   **III.  RECOMMENDATION**
    **IT IS HEREBY RECOMMENDED THAT**:

22
23          (1) Plaintiff's request to proceed in forma pauperis (Doc. # 1) be **GRANTED.** The Clerk

24  of the Court should be instructed to **FILE** the Complaint (Doc. # 1-1). The movant herein

25  should be permitted to maintain this action to conclusion without the necessity of prepayment

26  of fees or costs or the giving of security therefor.  This order granting in forma pauperis status

27  should not extend to the issuance of subpoenas at government expense.

28

                                              3

1       (2) Plaintiff's Complaint (Doc. # 1-1) should be **DISMISSED WITH PREJUDICE**.

2  The parties should be aware of the following:

3       1.    That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the

4  Local Rules of Practice, specific written objections to this Report and Recommendation within

5  fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate

6  Judge's Report and Recommendation" and should be accompanied by points and authorities

7  for consideration by the District Court.

8       2.    That this Report and Recommendation is not an appealable order and that any

9  notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the

10  District Court's judgment.

12  DATED:   July 18, 2012.

 

                                                          _____

                                                           WILLIAM G.  COBB
                                                           UNITED STATES MAGISTRATE JUDGE

4